Miller, Rosalind H., J.
The plaintiff, Bharathan Jeevanandam, seeks a preliminary injunction enjoining the defendants, Santander Bank, N.A., and Santander Holdings U.S.A., Inc. (collectively “the defendants”) from foreclosing on his residential home. The plaintiff contends that the foreclosure is invalid because the defendants do not hold title to the mortgage. The plaintiff argues that a prior assignment of the mortgage was not valid. For the following reasons, the plaintiffs motion for a preliminary injunction is DENIED.
BACKGROUND
On January 21, 2010, the plaintiff executed a promissory note (“the note”) with Monument Mortgage Company, Inc. (“Monument”) for $346,000. An allonge attached to the back of the note states that Monument endorsed the note over to Sovereign Bank (the predecessor in interest to the defendants). At the same time, the plaintiff executed a mortgage (“the mortgage”) on her residence at 15 Lakeville Avenue, Franklin, as security for the note. The mortgage stated that Mortgage Electronic Registration Systems, Inc. (“MERS”) was acting solely as the nominee for the lender, Monument, and that MERS was the mortgagee. Under the section titled ‘Transfer of Rights in the Property,” the mortgage stated that the plaintiff “does hereby mortgage, grant, convey to MERS (solely as nominee for [Monument] and [Monument’s] successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property
In 2012, the plaintiff defaulted on the mortgage. On December 14, 2012, MERS executed an assignment that assigned all beneficial interest in the plaintiffs mortgage to Sovereign Bank. The assignment was recorded with the Middlesex County Registry of Deeds on January 2, 2013.
On November 5, 2014, the plaintiff filed a motion for a preliminary injunction to enjoin the foreclosure of her residence. On November 12, 2014, the parties appeared before this court for a hearing on the motion for a preliminary injunction. The court took the motion under advisement and issued a preliminary injunction enjoining the foreclosure until November 26, 2014, pending a final decision on the motion from the court.
DISCUSSION
“A party seeking a preliminary injunction must show that (1) success is likely on the merits; (2) irreparable harm will result from the denial of the injunction; and (3) the risk of irreparable harm to the moving party outweighs any similar risk of harm to the opposing party.” Cote-Whitacre v. Department of Public Health, 446 Mass. 350, 357 (2006); Eaton v. Federal Nat’l Mortgage Ass’n, 462 Mass. 569, 574 (2012) (“In considering a request for a preliminary injunction the judge evaluates the moving party’s chance of success on the merits and its claim of injury”).
In Massachusetts, a promissory note and a mortgage may be held by two separate parties. Eaton, 462 Mass. at 576-77. A mortgage holder holds the mortgage in trust for the note holder, who may obtain an assignment of the mortgage by seeking an equitable assignment of the mortgage in court. Id.
“[A] mortgage holder can foreclose on a property . . . by exercise of the statutory power of sale, if such a power is granted by the mortgage itself.” U.S. Bank Nat’l Ass’n v. Ibanez, 458 Mass. 637, 646 (2011). The *426 statutoiy power of sale provides that a mortgagee may foreclose without judicial authorization upon any default in performance of the mortgage. G.L.c. 183, §21; Eaton, 462 Mass. at 579-80. “[T]he foreclosing entity must hold the mortgage at the time of the notice and sale in order accurately to identify itself as the present holder in the notice and in order to have the authority to foreclose under the power of sale . . .” Ibanez, 458 Mass. at 651. “[A] foreclosing mortgagee must demonstrate an unbroken chain of assignments in order to foreclose a mortgage ...” Sullivan v. Kondaur Capital Corp., 85 Mass.App.Ct. 202, 210 rev. denied, 469 Mass. 1104 (2014).
“A foreclosure sale conducted pursuant to a power of sale in a mortgage must comply with all applicable statutory provisions, including in particular G.L.c. 183, §21, and G.L.c. 244, §14.” Eaton, 462 Mass. at 570; Ibanez, 458 Mass. at 646-47. Under G.L.c. 244, §14 and G.L.c. 183, §21, the term “mortgagee” means a mortgagee who also holds the underlying mortgage note. Eaton, 462 Mass. at 584. A mortgagee seeking to foreclose does not need physical possession of the note and may be acting as the authorized agent of the note holder. Id. at 586.
The plaintiff contends that the defendants have failed to comply with the requirements for a statutory foreclosure under G.L.c. 244, §14 because MERS had no authority to assign the mortgage to the defendants. The plaintiff argues that the mortgage names Monument as the lender and only the lender has the right to enforce the power of sale, while MERS is the nominee for Monument and has no independent claim to the title. The plaintiff argues that the definition of “nominee” is unclear in the mortgage context, and MERS cannot be considered a mortgagee under Massachusetts law.
The plaintiff suggests that this court should follow the decision in Farmer v. Federal Nat’l Mortgage Ass’n, 31 Mass. L. Rptr. 204, 2013 WL 1976240 (Mass.Super. 2013), in which the court (Fahey, J.) found “that MERS can only act in its nominee capacity when it acts as the agent of [the lender].” Id. at 9. The court in Farmer based its decision on the “limited appellate case law in Massachusetts,” while noting that other courts, including other Superior Court judges and the Court of Appeals for the First Circuit in Culhane v. Aurora Loans Servs. of Nebraska, 708 F.3d 282, 291-93 (1st Cir. 2013),[2] have found otherwise. Farmer, 2013 WL 1976240, at 9 n. 18. The plaintiff argues that under Farmer, MERS must provide evidence as to who instructed MERS to execute the assignment and whether that party is a member of MERS.
Since the Farmer decision, the Appeals Court has rejected the argument that “any assignment by MERS to another entity is invalid unless supported by evidence of authorization of that assignment by the owner of the debt.” Sullivan, 85 Mass.App.Ct. at 209. The Appeals Court held that it was irrelevant whether the lender and original note holder held any ownership interest in the note or the mortgage because MERS held the record legal interest in the mortgage at the time of the assignment. Id. at 210. The Appeals Court also noted that its holding was consistent with the decision ofthe First Circuit in Culhane. Id. at 210 n. 17.
Here, the mortgage clearly named MERS as the mortgagee, and as owner of the mortgage, MERS had the power to assign the mortgage to the defendants. See id. at 209. Therefore, the plaintiff has not shown that the defendants lack the authority to foreclose and have failed to comply with G.L.c. 244, §14. Because the court finds that the plaintiff has not shown a likelihood of success on the merits, the plaintiffs motion for a preliminary injunction will be denied.
ORDER
For these reasons, the plaintiffs motion for a preliminary injunction is DENIED.

In Culhane, the First Circuit held that absent a provision in the mortgage instrument restricting transfer, a mortgagee may transfer the mortgage by written assignment to another party, and the new assignee continues to hold the mortgage in an equitable trust for the note holder. 708 F.3d at 292.